**Deborah A. RADKE Plaintiff–Appellant,**

v.

**TACO BELL CORP., Defendant–Appellee.**

No. 02–1924.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 5, 2002.

Decided April 2, 2003.

Before FLAUM, Chief Judge,
CUDAHY, and COFFEY, Circuit Judges.

### ORDER

Plaintiff–Appellant Deborah Radke ("Radke") sued her former employer, Defendant–Appellee Taco Bell Corporation ("Taco Bell"), alleging that Taco Bell terminated her employment in retaliation for her filing a workers' compensation claim. The district court disagreed, and granted Taco Bell's motion for summary judgment. Radke appeals. We affirm.

## I. FACTUAL BACKGROUND

In March 1995, while employed as a general manager of a Taco Bell restaurant in Montgomery, Illinois, Radke reported to her supervisor that she had slipped off a stool at work and suffered an injury to her right foot. Shortly thereafter, Radke's supervisor communicated her claim to Taco Bell's workers' compensation carrier, Aetna Insurance ("Aetna").

Aetna sent Radke to a number of doctors, who attempted to treat her in a variety of ways after being diagnosed as suffering from "plantar fasciitis"[1] in her right foot, but none of these treatments proved successful and eventually her condition de-

veloped into chronic plantar fasciitis in her left foot resulting from overcompensating from the pain in her right foot. From March 1995 through February 1996, Radke continued to work the required number of hours of Taco Bell General Managers—i.e., ten hours per day, five days per week. Because of the medical restrictions imposed on her by her doctors, however, she was not able to be on her feet as much as had been required of her prior to her injury. For instance, in June 1995, Radke's doctors restricted her to "a sitting job or minimum walking." Additionally, in November 1995, Radke was restricted to walking only four to six hours per day.

Taco Bell accommodated Radke's work restrictions. Taco Bell also granted her request in February 1996 to be relieved of some of her duties—i.e., serving as general manager for a second Taco Bell restaurant. In July 1996, she took another three-week medical leave. Upon her return, she was unable to work without suffering severe pain in that her feet hurt when she was forced to stand. On August 6, 1996, Taco Bell placed Radke on medical leave. On February 5, 1997, Radke's leave was converted into long-term disability leave. While on leave, Radke continued to receive medical life insurance and stock benefits from Taco Bell.

On March 11, 1999, Radke's workers' compensation claim went to a hearing before the Illinois Industrial Commission ("IIC"). During the hearing, Radke testified that she was unable to pursue her regular occupation as a general manager because of her medical problems. On the contrary, the evidence and testimony at the hearing demonstrated that Radke was restricted from working more than four hours per day, and that she was unable to

---

**1.** "Plantar fasciitis" is an inflammation of the connective tissue running along the bottom of the foot.

perform her duties as a general manager at Taco Bell without violating her medical restrictions. Radke further testified that she had sought and was presently working at a car dealership where she was allowed to remain seated while working.

The IIC made several findings in Radke's favor: (1) Radke's fasciitis in both feet was casually related to her work-related injury in March 1995; (2) Taco Bell had effectively terminated Radke on August 6, 1996 because they decided they were no longer able to reasonably accommodate her work-related medical restrictions; (3) Radke deserved $466.03 per week during her three-week period of temporary but total disability in September 1995; and (4) Radke was statutorily entitled to $226.03 per week for the duration of her disability, that amount being the differential between her wages at the car dealership and the higher wages she had been earning at Taco Bell.

After the hearing, Aetna informed Taco Bell that it was terminating Radke's long-term disability benefits effective March 1, 1999, as Radke had secured full-time employment elsewhere. In May 1999, four years after Radke had initially suffered the injury, Taco Bell sent Radke a letter informing her that as she had abandoned her position by failing to return to work, it was formally terminating her employment effective March 1, 1999. Six months later, in November 1999, Taco Bell and Radke entered into a settlement in which she received a lump sum payment of $103,000 and released all claims for lost past and future wages.

On March 23, 2001, Radke filed a complaint in the Circuit Court of DuPage County, Illinois alleging retaliatory discharge. Taco Bell filed a notice of removal to federal district court based on diversity of citizenship and the amount in controversy. On March 21, 2002, the district judge granted Taco Bell's motion for summary judgment, concluding that Radke had failed to raise an issue of fact concerning the connection between her act of filing for workers' compensation and her termination, and furthermore that she had failed to offer any admissible evidence that Taco Bell's proffered reasons for her termination were merely pretextual, as the court found determinative the admissions Radke made during her sworn testimony at the hearing before the Illinois Industrial Commission (*e.g.*, that she had sought and was presently working at a car dealership).

Radke timely filed this appeal, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1291 and 1294.

## II. DISCUSSION

### A. Standard of Review

A summary judgment motion should be granted only if there is "no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We review a grant of summary judgment *de novo*, viewing all the facts and drawing all reasonable inferences therefrom in favor of the nonmoving party. *See Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir.2002). Furthermore, as neither party has raised a conflict of laws issue, the governing law is that of the forum state, Illinois. *See Wood v. Mid–Valley, Inc.*, 942 F.2d 425, 426 (7th Cir.1991).

### B. The Retaliatory Discharge Claim

The Illinois Workers' Compensation Act makes it unlawful for an employer to retaliate against employees for exercising their rights granted under the Act. *See* 820 Ill.

Comp. Stat. 305/4(h). In addition, Illinois law recognizes an independent cause of action for retaliatory discharge if an employee can establish that he or she was terminated as a result of filing a workers' compensation claim. *See Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353, 357 (1978). In order to recover under a theory of retaliatory discharge, a plaintiff must prove: "(1) that [she] was an employee before the injury; (2) that [she] exercised a right granted by [the Illinois] Workers' Compensation Act; and (3) that [she] was discharged and that the discharge was causally related to [her] filing a claim under the Act." *Borcky v. Maytag Corp.,* 248 F.3d 691, 695–96 (7th Cir.2001)(quotations omitted).

After reviewing the record, we agree with the district court that Radke failed to offer sufficient evidence establishing a link between her filing of the worker's compensation claim and her termination. The undisputed evidence demonstrates the fact that four years elapsed between the filing of Radke's workers' compensation claim and her termination. The timing of these two events, in our opinion, is too tenuous to create a reasonable inference of a causal connection. *See Sweeney v. West,* 149 F.3d 550, 557 (7th Cir.1998)(holding that in order to establish a causal connection via temporal proximity, the employer's adverse action must follow "fairly soon" after the employee's protected conduct). Having failed to present sufficient evidence in the record to create a genuine issue of material fact regarding the causal connection between her termination and her workers' compensation claim, we conclude that no reasonable jury could find that but for Radke's workers' compensation claim, Taco Bell would not have terminated Radke's employment.

Even though Radke failed to establish a prima facie case of retaliation under Illinois law, we could also affirm the district court's grant of summary judgment on the grounds that Taco Bell offered a valid, non-pretextual reason for her discharge— that Radke admitted that she had secured other employment. At the IIC hearing on March 11, 1999, Radke admitted that she had begun working at a car dealership in Aurora, Illinois in July 1998. Her new job, she testified, did not require her to be on her feet as much as she had to at Taco Bell. The record supports the conclusion that it was this revelation, and not the workers' compensation filing, that led to her dismissal. In addition, we note that in November 1999 Radke entered into a settlement with Taco Bell in which she released all claims for lost wages and received a lump sum payment of $103,000.

## III. CONCLUSION

We hold that the district court's decision to grant the defendant's motion for summary judgment was proper.

AFFIRMED.